IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Brooke and Christopher George, individually, and on behalf of their minor son, C.G., <br><br> Plaintiffs, <br><br> v. <br><br> United Healthcare Service, Inc., <br><br> Defendant. | **ORDER** <br><br> Case No. 3:25-cv-71 |

Defendant United Healthcare Service, Inc. ("United") moves to dismiss Plaintiffs Brooke and Christopher George's (the "Georges") complaint brought on behalf of their son for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 6. The Georges oppose the motion. Doc. 13. For the reasons below, the motion is granted.

**I.      FACTUAL BACKGROUND**

This case presents a question of preemption under the Employee Retirement Income Security Act ("ERISA"). The claims here stem from a United healthcare plan (the "Plan") made available to the Georges through Chrisopher George's employer. Doc. 1-2. Per the complaint, the Plan "provided covered health services for [the Georges'] medical care, including imaging and laboratory services, from January 1, 2020 to January 1, 2024." Id.

The medical issues that prompted this action began in the fall of 2020. Id. Around that time, the Georges noticed that their two-year-old son was not able to walk on his own, bend down, or use the stairs. Id. After he experienced additional symptoms, the Georges' physician ordered two magnetic resonance images ("MRIs") of their son's brain and cervical region. Id.

United approved one MRI but denied the second because it was "not medically necessary." Id. United indicated that a different MRI would show what was needed to treat the Georges' son and noted that it would be approved if ordered. Id. In response, the physician ordered the specified MRI. Id. United denied the request. Id. The Georges' son was later taken to the emergency room, where two MRIs revealed a brain mass. Id. He underwent surgeries, placement of an internal shunt, and cancer treatment. Id.

Part of the Georges' son's post-treatment plan is to receive routine MRIs to detect new tumors. Id. In October 2021, United denied the first post-treatment MRI, saying it was "not medically necessary." Id. Despite the denial, the Georges proceeded with the MRI, which revealed two new tumors. Id. United continued denying the post-treatment MRIs as "not medically necessary" through June 2024. Id. The Georges allege that because of United's actions, they have suffered consequential damages and emotional distress. Id.

The Georges originally filed this case in North Dakota state district court. Id. United then removed the case, alleging federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1. The Georges bring two claims: (1) breach of contract and (2) bad faith. Doc. 1-2. United moves to dismiss, arguing the Plan is an ERISA plan, which preempts the Georges' state law claims. Doc. 6.

## II.    LAW AND DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's

favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

The Georges bring claims for breach of contract and bad faith based on North Dakota law. Doc. 1-2. But ERISA supersedes state law claims to the extent they "relate to any employee benefit plan." 29 U.S.C. § 1144(a). ERISA's preemption is broad and embraces common law causes of action if they have a connection with or a reference to an ERISA plan. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987). The only plan at issue here is the one provided to Christopher George under the Plan providing his health benefits.[1] Doc. 1-2. The Georges dispute that this is an ERISA plan, stating that the complaint does not reference ERISA, nor does the Plan qualify as an ERISA plan because recent summary plan descriptions lacked information about "eligibility criteria, funding details, claims procedures, and a statement of ERISA rights." Doc. 13.

Whether ERISA applies to a plan requires an evaluation of facts combined with an interpretation of law. Kulinski v. Medtronic Bio–Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994) (stating that the existence of an ERISA plan is a mixed question of fact and law). ERISA defines an "employee welfare benefit plan" as:

> any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, or unemployment . . . .

---

[1] The Court can examine the Plan in its consideration of the merits of United's motion to dismiss under Rule 12(b)(6). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Zean v. Fairview Health Services, 858 F.3d 520, 526 (8th Cir. 2017) (quoting Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003)).

3

29 U.S.C. § 1002(1). "To qualify as a plan, fund, or program under ERISA, a reasonable person must be able to ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." Nw. Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994). An "employer's purchase of an insurance policy to provide health care benefits for its employees can constitute an [employee welfare benefit plan] for ERISA purposes." Robinson v. Linomaz, 58 F.3d 365, 368 (8th Cir. 1995) (citing Madonia v. Blue Cross & Blue Shield, 11 F.3d 444, 447 (4th Cir. 1993) (stating that "under the statutory definition of an employee welfare benefit plan, employers may easily establish ERISA plans by purchasing insurance for their employees")). Still, to be an employee welfare benefit plan under ERISA, it must be "established or maintained" by the employer. 29 U.S.C. § 1002(3).

United attached copies of relevant pages from the Plan that describe its administrative practices, such as the benefits provided to beneficiaries, procedures for receiving benefits, and for appealing the denial of claims. Docs. 8-1; 8-2; 8-3. The Plan indicates that it is intended to be governed by ERISA. Id. It makes plain that it is established and maintained by Christopher George's employer to provide benefits to its employees. Id. Given that, it is clear that the Plan is an employee welfare benefit plan under ERISA.

The Georges concede that if the Plan is governed by ERISA, preemption applies. Doc. 13. Because the Plan is one under ERISA's reach, the Court will keep short its discussion regarding whether the Georges' state law claims "relate to any employee benefit plan," and are preempted. 29 U.S.C. § 1144(a). First, a state law claim for breach of contract is preempted by ERISA. Molasky v. Principal Mutual Life Ins. Co., 149 F.3d 881, 884 (8th Cir. 1998) (citing Walker v. Nat'l City Bank of Minneapolis, 18 F.3d 630, 634 (8th Cir. 1994)). Second, a state law bad faith claim is likewise preempted. Howard v. Coventry Health Care, of Iowa, Inc., 293 F.3d

442, 446 (8th Cir. 2002) (holding that state law cause of action for bad faith is preempted by ERISA).

Given the preemption of both claims, the parties dispute how to proceed. United seeks dismissal (Doc. 6) and the Georges seek permission to amend to state an ERISA claim (Doc. 13, p. 1). Although leave to amend "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend. Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (citation omitted). "The decision to allow a party to amend the complaint is within the sound discretion of the district court and will be overturned only if there is an abuse of discretion." Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 961 (8th Cir. 2023) (citing Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)).

Allowing the amendment would involve a substantial change to the complaint in the form of an entirely new claim under ERISA. Further, Eighth Circuit precedent states that ERISA claims require "exhaustion of any internal remedies prescribed by the ERISA plan." McKennan v. Meadowvale Dairy Emp. Benefit Plan, 973 F.3d 805, 808 (8th Cir. 2020). This weighs in favor of dismissal without prejudice. The amendment would involve a different cause of action and potentially different facts as well. This order does not preclude the Georges from filing an ERISA claim, clearly stating their exhaustion of any internal administrative remedies, so that the case can be resolved on its merits.

### III.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the motion to dismiss for failure to state a claim (Doc. 6) is **GRANTED**. The

Georges' complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 5th day of September, 2025.

>*/s/ Peter D. Welte*
>Peter D. Welte, Chief Judge
>United States District Court